JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

16-cv-6186

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Christopher E. Haney

**(b)** County of Residence of First Listed Plaintiff   Delaware
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Leo A. Hackett
102 Chesley Drive, #1A
Media, Pa 19063

## DEFENDANTS
16   6186
Megan J. Brennan, Postmaster General
and United States Postal Service,
et al
County of Residence of First Listed Defendant   Phila
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | **IMMIGRATION** | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities Other | **Other:** | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*
☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Sex and race discrimination
Brief description of cause:
Breach of implied and/or express contract, unfair representation

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** $150,000.
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____
DOCKET NUMBER _____

DATE 11/22/16
SIGNATURE OF ATTORNEY OF RECORD [signature]

NOV 25 2016

FOR OFFICE USE ONLY

**UNITED STATES DISTRICT COURT**

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 120 Scheivert Avenue, Aston, Pa 19014

Address of Defendant: 3190 South 70th Street, Phila, Pa 19153

Place of Accident, Incident or Transaction: _____
*(Use Reverse Side For Additional Space)*

16 6186

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐  No☒

Does this case involve multidistrict litigation possibilities?    Yes☐  No☒

RELATED CASE, IF ANY:
Case Number: _____  Judge _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☒

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☒

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
   Yes☐  No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☒ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify) _____

**ARBITRATION CERTIFICATION**
*(Check Appropriate Category)*

I, Leo A. Hackett, counsel of record do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: 11/22/16          _____          8936
                        Attorney-at-Law                   Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 11/22/16          _____          8936    NOV 25 2016
                        Attorney-at-Law                   Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CHRISTOPHER E. HANEY<br>120 Scheivert Avenue<br>Aston, Pa 19014<br><br>Plaintiff<br><br>v.<br><br>MEGAN J. BRENNAN<br>Postmaster General<br>United States Postal Service<br>Eastern Area Agency<br><br>AND<br><br>The United States Postal Service<br>3190 South 70th Street<br>Philadelphia, Pa 19153<br><br>American Postal Workers Union AFL-CTO<br>617 West McDade Boulevard<br>Milmont Park, Pennsylvania 19033<br><br>American Postal Workers Union,<br>AFL-CTO Local# 725<br>617 West McDade Boulevard<br>Milmont Park, Pennsylvania 19033<br><br>AND<br><br>JUDY TRAILER, INDIVIDUALLY AND AS<br>COMPLEMENT COORDINATOR<br>Philadelphia Metropolitan District<br>3190 South 70th Street<br>Philadelphia, Pa 19153<br><br>AND<br><br>JOHN DOE and JANE DOE,<br>INDIVIDUALLY AND AS UNITED STATES<br>POSTAL SERVICE ADMINISTRATORS<br><br>Defendants | : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : : | Civil Action #<br><br>**16    6186**<br><br>JURY TRIAL DEMANDED |

1

## COMPLAINT

I. **INTRODUCTION**

AND NOW, comes Christopher E. Haney, by and through his attorney, Leo A. Hackett, Esquire, and brings this Complaint based upon the following:

Plaintiff brings this action based upon sex and race discrimination, breach of implied and/or express contract, unfair representation, negligent misrepresentation, due process, the Fair Labor Standards Act, the Pennsylvania Wage Payment and Collection Act and retaliation.

1. Plaintiff is an adult individual who is residing at 102 Scheivert Avenue, Aston, Pa 19014.

2. Megan J. Brennan is the Postmaster General of the United States located at United States Postal Service, Eastern Area Agency, Philadelphia Pa.

3. The United States Postal Service is a federal corporation which provides mail delivery service.

4. American Postal Workers Union is the recognized representative of postal workers of which Plaintiff is a member with principal place of business located at 617 West McDade Boulevard, Milmont Park, Pennsylvania 19033.

5. American Postal Workers Union Local #725 is the local postal workers union representative of which Plaintiff is a member with principal place of business located at 617 West McDade Boulevard, Milmont Park, Pennsylvania 19033.

2

6. Judy Trailer is an individual and employee by United States Postal Service as District Complement Coordinator for the Philadelphia Metropolitan District.

7. John Doe and Jane Doe are individuals and administration of the United States Postal Service.

## II. JURISDICTION.

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331 and 1343(3). This proceeding is authorized and instituted pursuant to the federal laws set forth herein and supplemental jurisdiction (28 U.S.C. § 1367) of the claims under 42 USCS § 1983.

## III. Allegations of Common Facts

9. Plaintiff has been employed by United States Postal Service for 17 years and as a career city postal carrier for at least 5 years currently at the Sharon Hill office of United States Postal Service.

10. Plaintiff has been employed as a United States Postal Service non-career postal carrier the West Chester office of United States Postal Service since April, 2016.

11. On or about November 14, 2015 Plaintiff filed a formal application for a position of postal police officer with the United States Postal Service while he was employed as a career city postal carrier of United States Postal Service at its Sharon Hill, Pennsylvania office.

12. Prior to filing the formal application on November 14, 2015 Plaintiff inquired of his United States Postal Service Supervisor and his shop steward of the American Postal Workers Union concerning his right to return to his position as career city carrier without loss of rate of pay or seniority at Sharon Hill if he did not become or stay at Postal Police

3

position and was advised by both persons that he could return to his career city postal carrier position.

13. On or about January 9, 2016 Plaintiff was assigned to training for the position of postal police officer of the United States Postal Service subject to completion of training and 180 days probation after completion of the training.

14. Prior to completing the Postal Police training Plaintiff decided to return to his former position as career city postal carrier at the Sharon Hill office of United States Postal Service and inquired of his supervisor at Sharon Hill of his right to return without loss of pay or seniority.

15. Plaintiff's supervisor Mui Ho, after consulting with the Complement Manager Judy Trainer, who consulted with postal administrators John Doe and Jane Doe, advised Plaintiff that he could return to his position of career city postal carrier at Sharon Hill without loss of pay or seniority upon leaving the postal police training.

16. Plaintiff also consulted with Judy Trainer, District Complement Coordinator concerning his right to return to his career city postal carrier position at Sharon Hill without loss of pay and seniority if he disenrolled in the Postal Police Training Program and she confirming to him his right to return to his former position.

17. Plaintiff disenrolled from the Postal Police Training Program based on their representation.

18. In February 2016 Plaintiff returned to his former position as a career city postal carrier at the Sharon Hill office at the same rate of pay seniority and route assignment.

19. After approximately 2-3 weeks after returning to his position at Sharon Hill as career city postal carrier Plaintiff was advised that he could not return to that position

4

from the Postal Police Training and that his employment with United State Postal Service was being terminated immediately and could no longer perform his duties.

20. Plaintiff was terminated officially on March 11, 2016.

21. Plaintiff requested assistance from his union, the American Postal Worker Union and its local officials to challenge his termination of employment based upon the prior advise and representations of Defendants.

22. The American Postal Workers Union and its local affiliate failed and refused to provide representation to Plaintiff concerning his employment or the termination thereafter.

23. Plaintiff filed a complaint of discrimination based on sex and race against United States Postal Service and with the EEOC based on Defendant's permitting a female career city postal carrier to return to her position after resigning from the Postal Police Training Program during 2014 and allowing a black male career city postal carrier to return to his position after leaving to train as a postal supervisor.

24. Plaintiff used accrued vacation as reported on his pay check following the termination of his employment with Defendant United States Postal Service.

25. In April 2016 Plaintiff applied for and obtained a position as a non-career postal carrier at West Chester office at substantially reduced pay and without seniority.

26. In October 2016 the Defendant United States Postal Service demanded that Plaintiff repay the accrued vacation he used after the termination of his employment from the United States Postal Service carrier service and attached Plaintiff's pay to repay the used vacation without notice to Plaintiff of the reason for such action or the opportunity for a hearing.

5

### COUNT I - Plaintiff v. Megan J. Brennan Postmaster General - Discrimination

27. Plaintiff incorporates paragraphs 1 through 26 as though set forth herein at length.

28. Plaintiff was discriminated on the basis of sex and race by the termination of his employment after his return from training for Postal Police position when the Defendants have allowed others of a different sex and race to do so.

29. Plaintiff has suffered a loss of income, benefits, enjoyment of life, mental anguish, pain and suffering as a result of actions of Defendant United States Postal Service.

WHEREFORE, Plaintiff demands from Defendant United States Postal Service damages for loss of back pay, future pay, pension, benefits, seniority, loss of enjoyment of life, mental pain and anguish, punitive damages, attorney fees, costs and interest.

### COUNT II - Plaintiff v. Megan J. Brennan Postmaster General – Express and Implied Contract

30. Plaintiff incorporates paragraphs 1 through 29 as though set forth herein at length.

31. Plaintiff reasonably relied upon the representation of Defendant United States Postal Service, by it agents, servants and employees of his right to return to his position as a career city postal carrier without loss of pay and seniority to apply for and return from the position at Postal Police Training all to his detriment resulting in the termination of his employment after his reinstatement and return to work as career city postal carrier.

32. Plaintiff has suffered a loss of income, benefits, enjoyment of life, mental anguish, pain and suffering as a result of actions of Defendant United States Postal Service.

6

WHEREFORE, Plaintiff demands from Defendant United States Postal Service damages for loss of back pay, future pay, pension, benefits, seniority, loss of enjoyment of life, mental pain and anguish, punitive damages, attorney fees, costs and interest.

### COUNT III - Plaintiff v. Judy Trailer, Individual and as District Complement Coordinator, and Unnamed John Doe and Jane Doe, Individually, and as administrators of United States Postal Service – Negligent Misrepresentation

33. Plaintiff incorporates paragraphs 1 through 32 as though set forth herein at length.

34. Defendant Judy Trailer and unnamed John Doe and Jane Doe acted in a negligent, reckless, and wanton manner in advising Plaintiff that he could return to his position as career city postal carrier at Sharon Hill without loss of prior seniority from his training for a Postal Police position without appropriate inquiry of the facts, policy and procedures of United States Postal Services and facts applicable to Plaintiff prior to giving such advice and making such representation and subsequently requiring Plaintiff to be terminated from his position of city postal carrier and from the United States Postal Service.

35. It was foreseeable to Defendants that if their advice to Plaintiff was incorrect he would suffer damages and loss of employment.

36. As a result of actions of the Defendant Trailer Plaintiff has suffered a loss of pay, benefits, seniority, loss of enjoyment of life, mental pain and anguish, punitive damages, attorney fees, costs and interest.

WHEREFORE, Plaintiff demands from Defendant United States Postal Service damages for loss of back pay, future pay, pension, benefits, seniority, loss of enjoyment of life, mental pain and anguish, punitive damages, attorney fees, costs and interest.

7

### COUNT IV - Plaintiff v. Megan J. Brennan Postmaster General and United States Postal Service Due Process, Fair Labor Standards Act, Pennsylvania Wage Payment and Collection Law

37. Plaintiff incorporates paragraphs 1 through 36 as though set forth herein at length.

38. Plaintiff had a protested property interest in accrued vacation pay as reported to him by Defendants as part of his pay for services rendered prior to and remaining unused as of the termination of to his employment by the United States Postal Service.

39. Defendants by attaching Plaintiff's pay to recoup Plaintiff's use of vacation pay without notice and opportunity for a hearing and the entry of any defense violated Plaintiff's federal constitutional due process rights, the Fair Labor Standards Act and the Pennsylvania Wage Payment and the Collection Law.

40. Plaintiff has suffered a loss of income, benefits, enjoyment of life, mental anguish, pain and suffering as a result of actions of Defendant United States Postal Service.

WHEREFORE, Plaintiff demands from Defendant United States Postal Service damages for loss of back pay, future pay, pension, benefits, seniority, loss of enjoyment of life, mental pain and anguish, punitive damages, attorney fees, costs and interest.

### COUNT V - Plaintiff v. Defendants Megan J. Brennan Postmaster General and the United States Postal Service - Retaliation

41. Plaintiff incorporates paragraphs 1 through 40 as though set forth herein at length.

42. Defendants Brennen and the United States Postal Services in retaliation for Plaintiff's claim of discrimination attached Plaintiff's pay to which he was legally entitled to recoup pay to Plaintiff for unused and earned vacation pay following the term of his employment as a career city postal carrier.

43. Plaintiff has suffered a loss of income, benefits, enjoyment of life, mental anguish, pain and suffering as a result of actions of Defendant United States Postal Service.

WHEREFORE, Plaintiff demands from Defendants Brennan and the United States Postal Service damages for loss of back pay, future pay, pension, benefits, seniority, loss of enjoyment of life, mental pain and anguish, punitive damages, attorney fees, costs and interest.

### COUNT VI - Plaintiff v. Defendants United Postal Workers Union and Local # 725 - Unfair Representation

44. Plaintiff incorporates paragraphs 1 through 43 as though set forth herein at length. Plaintiff is and has been a due paying member of the Defendants unions including the time Plaintiff spent in training for the Postal Police position.

45. Defendant American Postal Workers Union and its official Local # 725 failed to provide reasonable and adequate representation of Plaintiff as a member of the Union covered by the Collective Bargaining Agreement with the United States Postal Service by failing to pursue a grievance and/or arbitration on behalf of Plaintiff arising out of the termination of his employment as a career city postal carrier on or about February – March 2016 especially in light of the advice given by Defendants to Plaintiff of his right to return to such position from training for Postal Police position.

46. Plaintiff has suffered a loss of income, benefits, enjoyment of life, mental anguish, pain and suffering as a result of actions of Defendant United States Postal Service.

9

WHEREFORE, Plaintiff demands from Defendant United States Postal Service damages for loss of back pay, future pay, pension, benefits, seniority, loss of enjoyment of life, mental pain and anguish, punitive damages, attorney fees, costs and interest.

Respectfully submitted,

LAW OFFICES OF LEO A. HACKETT

BY: _____
LEO A. HACKETT, ESQUIRE
Attorney I.D. No. 8936
102 Chesley Drive, Suite 1A
Media, PA 19063
(610) 565-7700
Attorney for Plaintiff

10